**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4295

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THERESA M. LEWIS, a/k/a Theresa Finnochio,

Defendant - Appellant.

No. 06-4383

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

THERESA M. LEWIS, a/k/a Theresa Finnochio,

Defendant - Appellee.

Appeals from the United States District Court for the Western
District of North Carolina, at Charlotte. Graham C. Mullen, Senior
District Judge. (3:04-cr-00138-1)

Submitted: May 23, 2007          Decided: July 12, 2007

Before WILLIAMS, Chief Judge, and MICHAEL and GREGORY, Circuit
Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lawrence W. Hewitt, JAMES, MCELROY & DIEHL, P.A., Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Jonathan A. Vogel, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theresa M. Lewis pleaded guilty by written plea agreement to conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (2000), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (2000). She was sentenced to thirty-six months in prison. In No. 06-4295, Lewis asserts her convictions should be vacated because the trial court erred by failing to ensure her plea was knowing and voluntary since the plea agreement contained errors when it was executed. The Government responds that Lewis's appeal is foreclosed by an appellate waiver contained in her plea agreement and that, in any event, the clerical errors did not render her plea unknowing and involuntary. In No. 06-4383, the Government cross-appealed, claiming the district court's imposition of a thirty-six month variance sentence is unreasonable. We affirm Lewis's convictions and sentence.

Lewis claims that her plea was not knowing and voluntary because her plea agreement contained errors that were unnoticed by her or her counsel when she signed the plea agreement. A defendant cannot waive her right to raise a colorable challenge to the voluntariness of her guilty plea. See, e.g., United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Thus, Lewis's claim is not precluded by the waiver of appellate rights in her plea agreement. Lewis also asserts this court should vacate her convictions because the magistrate judge failed to ensure the

- 3 -

voluntariness of Lewis's plea at the Rule 11 hearing. Lewis's arguments are meritless.

First, Lewis does not deny she was questioned by the magistrate judge regarding the appellate waiver during the Rule 11 hearing. Moreover, the two errors alleged by Lewis to have rendered her plea unknowing and involuntary were nothing more than typographical errors that were corrected by the Government at the Rule 11 hearing. In fact, the plea agreement made clear in several places the counts to which Lewis was pleading guilty. Additionally, the magistrate judge informed Lewis during the Rule 11 hearing that she was pleading guilty to "Counts One and Sixteen in your Bill of Indictment." The magistrate judge described both charges and the penalties Lewis faced for those charges, and when asked whether she understood the two charges to which she was pleading guilty, Lewis responded "yes." Accordingly, we find that Lewis's plea was knowing and voluntary, and we affirm her convictions.

In its cross-appeal, No. 06-4383, the Government challenges the district court's decision to grant Lewis a 43% downward variance sentence. According to the Government, the district court failed to engage in virtually any factual analysis of the 28 U.S.C. § 3553(a) (2000) factors and should have imposed a sentence within, if not above, the guidelines range. We review a district court's decision to grant a variance for abuse of

- 4 -

discretion.  See United States v. Shortt, No. 06-4774, -- F.3d --, 2007 WL 1366055, at *3 (4th Cir. May 10, 2007); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  We find the district court did not err in sentencing Lewis below the guidelines range.

We conclude the district court's explanations of its reasons for sentencing Lewis satisfied these standards, and Lewis's sentence was therefore reasonable.  The court thoroughly considered the § 3553(a) factors in imposing Lewis's sentence.  In particular, the district court stated that:  (i) Lewis did not have an extensive criminal history; (ii) it could craft a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;" (iii) any sentence would provide deterrence; (iv) there was no need to protect the public from further crimes; (v) it would be appropriate to give Lewis adequate time to obtain vocational training since she would no longer be able to work as a real estate broker; (vi) while a probationary sentence was available, since Lewis failed to fully cooperate with the Government, such a sentence was inappropriate; and (vii) there was no evidence of defendants with similar records who had been found guilty of similar conduct.

Lewis also affirmed at the sentencing hearing that she was able to pay the $42,000 in restitution within sixty days of sentencing.  Based on this affirmation, the district court found

that "the need to provide restitution to any victims of the offense is a strong indication to the Court that a variance is appropriate and indicated under all the circumstances."

Contrary to the Government's assertions, we conclude the district court's variance sentence was "selected pursuant to a reasoned process in accordance with the law." Green, 436 F.3d at 457. We further conclude that the extent of the variance was reasonable, see Moreland, 437 F.3d at 436 ("The second question we must address is whether the extent of the variance was reasonable."). Because the district court's explanation provided sufficient indication that it considered the § 3553(a) factors and considered the arguments both parties made at sentencing, see Moreland, 437 F.3d at 434-35; Montes-Pineda, 445 F.3d at 380-81, and because the resulting sentence is not unreasonable, we affirm Lewis's variance sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED